**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| Patricia A. Ramirez and Joseph L. Ramirez, as the Independent Co-Executors of the Estate of Jose A. Ramirez, | Case No. 3:18-cv-354 |
| | Admiralty |
| Plaintiffs, | Jury Trial Demanded |
| v. | |
| Hess Corporation, as successor in interest to Amerada Hess Corporation, as successor by merger to Hess Oil & Chemical Corporation, as successor by merger to Hess, Inc., *a corporation*, Keystone Tankship Corporation, *a corporation*, and Marine Transport Lines, Inc., *a corporation*, | |
| Defendants. | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiffs Patricia A. Ramirez and Joseph L. Ramirez, Independent Co-Executors of the Estate of Jose A. Ramirez, Deceased, complaining against Defendants Hess Corporation, as successor in interest to Amerada Hess Corporation, as successor by merger to Hess Oil & Chemical Corporation, as successor by merger to Hess, Inc.; Keystone Tankship Corporation; and Marine Transport Lines, Inc. as follows.

**JURISDICTION AND PARTIES**

1.      Plaintiffs, Patricia A. Ramirez and Joseph L. Ramirez ("Plaintiffs"), are the duly appointed Independent Co-Executors of the estate of Jose A. Ramirez, and residents of Houston,

Texas and Etoile, Texas, respectively.   Plaintiffs bring this action on behalf of the estate of the decedent.

2.      Decedent, Jose A. Ramirez, died in the state of Texas on December 1, 2015.   At the time of his death, decedent was an adult citizen and resident of Houston, Texas.

3.      Defendant Hess Corporation, as successor in interest to Amerada Hess Corporation, as successor by merger to Hess Oil & Chemical Corporation, as successor by merger to Hess, Inc., a foreign corporation, at all relevant times was authorized and did transact business in this Division, District, and the State of Texas for the purpose of accumulating monetary profit, and may be served at its principal place of business located at 1185 Avenue of the Americas, New York, New York 10036.   Hess Corporation is liable for Hess Inc., the Jones Act employer of Jose A. Ramirez.

4.      Defendant Keystone Tankship Corporation, a foreign corporation, at all relevant times was authorized and did transact business in this Division, District, and the State of Texas for the purpose of accumulating monetary profit, and may be served at its principal place of business located at 1 Bala Plaza East, Suite 600, Bala Cynwyd, Pennsylvania 19004.   Keystone Tankship Corporation was the Jones Act employer of Jose A. Ramirez.

5.      Defendant Marine Transport Lines, Inc., a foreign corporation, at all relevant times was authorized and did transact business in this Division, District, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process at its principle place of business located at 9487 Regency Square Boulevard, Jacksonville, Florida 32225.   Marine Transport Lines, Inc. was the Jones Act employer of Jose A. Ramirez.

6.      Concurrent original jurisdiction over the subject matter of this Complaint exists based upon Article III, Section 2 of the Constitution of the United States, as this case arises under

an Act of Congress properly termed the Jones Act, 46 U.S.C. § 30104, *et seq.,* as well as actions for unseaworthiness under the General Admiralty and Maritime Law wherein Jose A. Ramirez, at all times relevant, was a merchant mariner who served his employers aboard ships owned and/or operated by the said Defendants, which vessels utilized and carried asbestos and asbestos-containing products and other hazardous products to which Jose A. Ramirez was exposed to the detriment of his health.

7.      The Jones Act and General Admiralty and Maritime Law, provide the law governing this cause of action to the exclusion of state substantive law relating to personal injury.

8.      Among other reasons, the U.S. District Court for the Southern District of Texas, Galveston Division, is a proper venue pursuant to Title 28, United States Code, §1391 because Defendants are shipowners who regularly conducted substantial business activity within the State of Texas aboard various merchant vessels; Jose A. Ramirez's exposure to asbestos, which led to his illness forming the basis of this Complaint, occurred aboard the Defendants' vessels in the State of Texas, including in Galveston County.

## GENERAL ALLEGATIONS

9.      Plaintiffs bring claims on behalf of the estate of Jose A. Ramirez as a survival action pursuant to the Jones Act and general admiralty and maritime law.

10.      On or about October 28, 2015, Jose A. Ramirez was diagnosed with asbestos-related cancer and subsequently passed away on December 1, 2015.

11.      Jose A. Ramirez developed this cancer as a result of exposure to asbestos products while employed aboard the Defendants' vessels.

12.      During the years 1945 through 1966, Jose A. Ramirez was employed by Defendants, which sailed in and out of ports in the State of Texas and Galveston County and that

3

while in port, while sailing in and out of those ports and while sailing on voyages in and out of those ports, Jose A. Ramirez was exposed to asbestos leading to his development of cancer.

13.     Plaintiffs bring this action against Defendants, the shipowners upon whose vessels Jose A. Ramirez sailed during his sailing career as a merchant mariner assigned to the deck department as specified in his Vessel Service History which is attached to this Complaint (**Exhibit A**) and incorporated herein as if fully set forth herein.

14.     During Jose A. Ramirez' sea service career, he worked aboard vessels owned and/or operated by the Defendants, which sailed in Texas waters and called on Texas ports on numerous occasions while Jose A. Ramirez served aboard.   While aboard these vessels in the port and in Texas waters, he was repeatedly exposed to asbestos.   Such vessels included, but were not limited to, the *Northfield* and *Ticonderoga* owned and/or operated by Keystone Tankship Company, the *Hess Petrol* owned and/or operated by Hess Inc., and the *Leland I. Doan* and the *Marine Dow Chemical* owned and/or operated by Marine Transport Lines, Inc.

15.     Jose A. Ramirez boarded the *Northfield* in Houston, Texas on June 9, 1954 and was discharged in Houston, Texas on July 8, 1954.   He also boarded the *Northfield* on July 9, 1954 in Houston, Texas and was discharged on August 3, 1954 in Tampa, Florida; from August 4, 1954 in Tampa, Florida to September 1, 1954 in Houston, Texas; from September 2, 1954 in Houston, Texas to September 29, 1954 in Tampa, Florida; from September 30, 1954 in Tampa, Florida to October 29, 1954 in Tampa, Florida; from October 30, 1954 in Tampa, Florida to November 23, 1954 in Mobile, Alabama; from November 24, 1954 in Mobile, Alabama to December 2, 1954 in Providence, Rhode Island; from December 3, 1954 in Providence, Rhode Island to December 17, 1954 in Providence, Rhode Island; from December 18, 1954 in Providence, Rhode Island to December 31, 1954 in New York, New York; from January 1, 1955 in New York, New York to

January 14, 1955 in Baltimore, Maryland; from January 15, 1955 in Baltimore, Maryland to January 28, 1955 in New York, New York; from January 29, 1955 in New York, New York to February 9, 1955 in New York, New York; from February 10, 1955 in Norfolk, Virginia to March 23, 1955 in Tiverton, Rhode Island; and from March 24, 1955 in Tiverton, Rhode Island to April 15, 1955 in Mobile, Alabama.   During these voyages, Jose A. Ramirez was employed by Keystone Tankship Company, and he had significant exposure to asbestos while aboard the *Northfield* in Texas waters, while at Texas ports, which was a substantial factor in bringing about his injury.

16.     Jose A. Ramirez boarded the *Ticonderoga* in Houston, Texas on January 22, 1959 and was discharged in New York, New York on July 4, 1959.   He also boarded the *Ticonderoga* on July 20, 1959 in Hoboken, New Jersey and was discharged on August 29, 1959 in Houston, Texas; and from September 20, 1959 in Houston, Texas to November 25, 1959 in New York, New York.   During these voyages, Jose A. Ramirez was employed by Keystone Tankship Company, and he had significant exposure to asbestos while aboard the *Ticonderoga* in Texas waters, while at Texas ports, which was a substantial factor in bringing about his injury.

17.     Jose A. Ramirez boarded the *Hess Petrol* in Freeport, Texas on February 25, 1960 and was discharged in Beaumont, Texas on May 24, 1960.   He also boarded the *Hess Petrol* on June 7, 1960 in Beaumont, Texas and was discharged on August 29, 1969 in Houston, Texas; and from October 12, 1960 in Freeport, Texas to May 8, 1961 in Baltimore, Maryland.   During these voyages, Jose A. Ramirez was employed by Hess Inc., and he had significant exposure to asbestos while aboard the *Hess Petrol* in Texas waters, while at Texas ports, which was a substantial factor in bringing about his injury.

5

18.     Jose A. Ramirez boarded the *Leland I. Doan* in Freeport, Texas on February 27, 1962 and was discharged in Freeport, Texas on March 31, 1962. He also boarded the *Leland I. Doan* on May 1, 1962 in Galveston, Texas and was discharged on May 19, 1962; from May 20, 1962 in Freeport, Texas to June 25, 1962 in Freeport, Texas; from June 26, 1962 in Freeport, Texas to Freeport, Texas on August 13, 1962; from August 14, 1962 in Freeport, Texas to September 23, 1962 in Galveston, Texas; from November 3, 1962 in Galveston, Texas to November 22, 1962 in Freeport, Texas;   from November 23, 1962 in Freeport, Texas to January 4, 1963 in Freeport, Texas; from January 5, 1963 in Freeport, Texas to February 1, 1963 in Jacksonville, Florida; from February 13, 1963 in Jacksonville, Florida to March 7, 1963 in Freeport, Texas; from March 8, 1963 in Freeport, Texas to April 15, 1963 in Freeport, Texas; and from April 16, 1963 in Freeport, Texas to April 25, 1963 in New Orleans, Louisiana. During these voyages, Jose A. Ramirez was employed by Marine Transport Lines, Inc., and he had significant exposure to asbestos while aboard the *Leland I. Doan* in Louisiana waters, while at Louisiana ports, which was a substantial factor in bringing about his injury.

19.     Jose A. Ramirez boarded the *Marine Dow Chemical* in Freeport, Texas on July 6, 1963 and was discharged in Freeport, Texas on September 9, 1963. During this voyage, Jose A. Ramirez was employed by Marine Transport Lines, Inc., and he had significant exposure to asbestos while aboard the *Marine Dow Chemical* in Louisiana waters, while at Louisiana ports, which was a substantial factor in bringing about his injury.

20.     Throughout the entirety of his sea service career, Jose A. Ramirez was required by his employers to perform duties which included the constant exposure to asbestos friable fibers causing him to breathe into his system carcinogenic asbestos dust resulting in harm to Jose A. Ramirez, including a lung cancer.   These events of harm occurred constantly and while in many

6

waters and ports-of-call wherein venue, no matter where laid, is inconvenient to the numerous scattered parties herein, along with multiple witnesses thereto.

21.     The asbestos and asbestos-containing products found aboard the vessels upon which Jose A. Ramirez sailed are known to be highly toxic to mankind, and the human body can be contaminated by asbestos and asbestos-containing products through inhalation and ingestion.

22.     Defendants knew, had reason to know or should have known, of the dangers associated with exposure to asbestos and asbestos-containing products in the workplace.

23.     Jose A. Ramirez was exposed to dangerous and unlawful concentrations of asbestos in the ambient air, in potable water and food furnished by his employer due to his assigned work and/or in close proximity to said asbestos and asbestos-containing products.

24.     Defendants knew, had reason to know or should have known that harmful contact to Jose A. Ramirez would result from his exposure to asbestos present aboard the vessels upon which he served through the products that were produced and/or supplied to or brought aboard the vessels upon which he worked.

25.     Harmful contamination with Jose A. Ramirez's person occurred due to the asbestos and asbestos-containing products found and/or utilized aboard the vessels upon which Jose A. Ramirez sailed, and Jose A. Ramirez was in fact injured as a result of his continued exposure to said products during the course of his career as a mariner.

26.     Defendants breached their duty to Jose A. Ramirez in the following particulars, including but not limited to:

        (a)     Failed to adequately warn Jose A. Ramirez of the dangerous characteristics of asbestos and asbestos-containing products;

7

(b)     Failed to provide Jose A. Ramirez with the information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, to protect Jose A. Ramirez from being harmed and disabled by exposure to asbestos and asbestos-containing materials;

(c)     Failed to provide a reasonably safe workplace;

(d)     Failed to place adequate warnings on said asbestos and asbestos-containing materials, to warn of the health hazards associated with coming in contact with said products;

(e)     Failed to exercise reasonable care to publish, adopt and enforce safety plans and/or a safe method of handling and installing asbestos and asbestos-containing materials;

(f)     Failed to adopt and utilize a substitute material to eliminate asbestos fibers in the products produced and/or utilized aboard the aforestated vessels;

(g)     Failed to warn of the scientifically recognized synergism between exposure to asbestos in conjunction with smoking and other agents;

(h)     In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial;

(i)     Failed to act in a reasonable and prudent manner.

23.     As a direct and proximate result of Defendants' aforementioned tortious acts, Jose A. Ramirez sustained serious, incurable and progressive asbestos-related disease.   Jose A. Ramirez contracted an asbestos-related disease, lung cancer, and suffered other bodily injuries including: great pain of mind and body, shock, disgrace, outrage, humiliation, indignity, disability, loss of the joys, pleasures and vitalities of life, and exacerbation of existing disease.

8

24.     Jose A. Ramirez developed an asbestos-related cancer, and was extremely fearful of the ravages of such cancers from which he suffered.

25.     Jose A. Ramirez experienced severe mental anguish, great pain and suffered the ravages of cancer and/or progressive shortness of breath.

26.     As a result of Jose A. Ramirez's asbestos-related condition, he suffered great pain of mind and body.

27.     Jose A. Ramirez incurred medical bills and other expenses.

28.     Jose A. Ramirez sustained wage losses in an indeterminate amount, which amount will be demonstrated at trial.

## COUNT I – JONES ACT

29.     Plaintiffs hereby re-allege and incorporate herein by reference all of the previous allegations set forth above, as though fully set forth herein, and further state as against Defendants, that:

30.     As a direct approximate result of Defendants' negligence under the Jones Act, 46 U.S.C. § 30104, Jose A. Ramirez suffered from an asbestos-related cancer, along with the sequelae thereof.

31.     The Defendants were negligent in that they:

    (a)     Failed to adequately warn Jose A. Ramirez of the dangerous characteristics of asbestos and asbestos-containing products;

    (b)     Failed to provide Jose A. Ramirez with the information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, to protect Jose A. Ramirez from being harmed and disabled by exposure to asbestos and asbestos-containing materials;

9

    (c)    Failed to provide a reasonably safe workplace;

    (d)    Failed to place adequate warnings on said asbestos and asbestos-containing materials, to warn of the health hazards associated with coming in contact with said products;

    (e)    Failed to exercise reasonable care to publish, adopt and enforce safety plans and/or a safe method of handling and installing asbestos and asbestos-containing materials;

    (f)    Failed to adopt and utilize a substitute material to eliminate asbestos fibers in the products produced and/or utilized aboard the aforestated vessels;

    (g)    Failed to warn of the scientifically recognized synergism between exposure to asbestos in conjunction with smoking and other agents;

    (h)    In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial;

    (i)    Failed to act in a reasonable and prudent manner.

32.    As a direct and proximate result of the acts and omissions aforestated by Defendants, Jose A. Ramirez sustained injuries as an indivisible, cumulative cause of each of the stated Defendants as contemplated in *American Fire & Casualty Company v. Flynn*, 341 U.S. 6, 71 S. Ct. 534 (1951). Plaintiffs seek damages as below stated, *inter alia*:

    (a)    Conscious pain and suffering, past and future;

    (b)    Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

    (c)    Medical expenses and costs;

    (d)    Household services;

(e)     Loss of pleasure, including social and recreational amenities, past and future;

(f)     Death by wrongful acts;

(g)     Loss of support, costs of estate planning, and funeral expenses; and

(h)     Any and all other elements of damages cognizable in law or which may be raised, pleaded and proved by the Plaintiffs during the pendency of this cause and at the time of trial.

WHEREFORE, Plaintiffs demand trial by jury and judgment against Defendants in an amount exceeding the threshold jurisdictional requirement to be more particularly calculated and adjusted upwards during the pendency of this cause, and Plaintiffs further seek interest and costs to be taxed in accordance with law and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

## COUNT II – UNSEAWORTHINESS UNDER GENERAL ADMIRALTY AND MARITIME LAW

33.     Plaintiffs hereby re-allege and incorporate herein by reference all of the previous allegations set forth above, as though fully set forth herein, and further state as against Defendants, that:

34.     As a direct and proximate result of the negligence of the unseaworthiness of the vessels, Jose A. Ramirez suffers from lung cancer along with the sequelae thereof.

35.     The vessels owned and/or operated by Defendants were unseaworthy under the General Admiralty and Maritime Law in that their vessels presented an unreasonably unsafe working environment, whereby Defendants substantially breached the implied warranty of providing a reasonably safe vessel and working conditions, which was to be reasonably fit for the purpose for which it was intended.

11

36.     The vessels were unseaworthy in part due to their lack of necessary equipment to perform tasks in safety; their lack of a warning of the dangerous characteristics of asbestos and asbestos-containing products; their lack of a published, adopted and enforced safety plan for a safe or more safe method of handling, installing, maintaining and working with or near asbestos and asbestos-containing materials; the lack of a safe workplace; the lack of adequate training and supervision in the use of a carcinogen known as asbestos and the lack of adequate ventilation and personal protective measures to reduce the risk of injury to the crew.

37.     Defendants knew for decades of the hazards of asbestos and asbestos-containing products, or in the exercise of reasonable care, should have known of these hazards. Notwithstanding this knowledge, Defendants failed to provide necessary equipment to perform tasks safely; failed to provide adequate training in the use of asbestos and further failed to provide personal protective measures and devices in a willful and conscious disregard for the safety of the Jose A. Ramirez, and others, causing Jose A. Ramirez's exposure to asbestos and resulting cancer thereby entitling him to an award of exemplary damages according to proof.

38.     As a direct and proximate result of the acts and omissions aforestated by each of the defending parties herein, Jose A. Ramirez sustained injuries as an indivisible cumulative cause of each of the stated Defendants as contemplated in *American Fire & Casualty Company v. Flynn*, 341 U.S. 6, 71 S. Ct. 534 (1951).   Plaintiffs seek damages as below stated, *inter alia*:

  (a)     Conscious pain and suffering, past and future;

  (b)     Mental anguish, fright and shock, embarrassment, humiliation or mortification, past or future;

  (c)     Medical expenses and costs;

  (d)     Household services;

12

(e)     Loss of pleasure, including social and recreational amenities, past and future;

(f)     Death by wrongful acts;

(g)     Loss of support, costs of estate planning, and funeral expenses; and

(h)     Any and all other elements of damages cognizable in law or which may be raised, pleaded and proved by the Plaintiffs during the pendency of this cause and at the time of trial.

WHEREFORE, Plaintiffs demand trial by jury and judgment against Defendants in an amount exceeding the threshold jurisdictional requirement to be more particularly calculated and adjusted upwards during the pendency of this cause, and Plaintiffs further seek interest and costs to be taxed in accordance with law and such other and further measures of relief as the Court may determine to be appropriate and just in the premises.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by a jury.

Dated:   October 23, 2018                   Respectfully submitted,

**MOTLEY RICE LLP**

s/ Meredith K. Clark
Meredith K. Clark, Esq. (SDTX No. 3307504)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Phone:   (843) 216-9000
Fax:   (843) 216-9450
mkclark@motleyrice.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS PATRICIA A. RAMIREZ AND JOSEPH L. RAMIREZ**

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2018, I caused the foregoing to be electronically filed with the United States District Court for the Southern District of Texas using the CM/ECF system which automatically sends all necessary notifications of this filing to CM/ECF participants in this case.

/s/Meredith K. Clark_____
Attorney for Plaintiffs

Meredith K. Clark
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9000
(843) 216-9450 (fax)
mkclark@motleyrice.com

14